# Exhibit A

# Dane County Case Number 2026CV001047 Benjamin Erickson vs. Allen Media Broadcasting, LLC

## Case summary

| Filing date | Case type | Case status |
|---|---|---|
| 04-03-2026 | Civil | Open - Electronic filing |

| Class code description | Responsible official | Branch ID |
|---|---|---|
| Intentional Tort | Frost, Jacob | 9 |

## Party summary

| Party type | Party name | Party status |
|---|---|---|
| Plaintiff | Erickson, Benjamin | |
| Defendant | Allen Media Broadcasting, LLC | |

---

## Parties

### Plaintiff: Erickson, Benjamin

| Date of birth | Sex | Race |
|---|---|---|
| | | |

**Address (last updated 04-06-2026)**
W51N224 Fillmore Circle, Cedarburg, WI 53012 US

**Attorneys**

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Constantine, Emily A. | No | 04-06-2026 |

### Defendant: Allen Media Broadcasting, LLC

| Date of birth | Sex | Race |
|---|---|---|
| | | |

**Address (last updated 04-06-2026)**
9903 Santa Monica Blvd., Apt. 418, Beverly Hills, CA 90212 US

**Attorneys**

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Lenz, Maxted M. | No | 05-06-2026 |

---

## Court record

| Date | Event | Court official | Court reporter | Amount |
|---|---|---|---|---|
| 05-06-2026 | Application for specific judicial assign approved | Frost, Jacob | | |

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 05-05-2026 | Request for substitution | | | |
| | **Additional text:** | | | |
| | of judge - defn's | | | |
| 05-05-2026 | Notice of Appearance | | | |
| | **Additional text:** | | | |
| | Atty Maxted M Lenz obo Allen Media Broadcasting LLC | | | |
| 05-05-2026 | eFiled Document Fee Paid | | | $35.00 |
| | **Additional text:** | | | |
| | Adjustment Number: 26A 020996, Payable Number: 716120, Receipt Number: 26RS023475, Amount: $35.00 | | | |
| 04-03-2026 | Filing fee paid | | | $300.50 |
| | **Additional text:** | | | |
| | Adjustment Number: 26A 015554, Payable Number: 712508, Receipt Number: 26RS017485, Amount: $300.50 | | | |
| 04-03-2026 | Case initiated by electronic filing | | | |
| 04-03-2026 | Summons and complaint | | | |

**STATE OF WISCONSIN**    **CIRCUIT COURT**    **DANE**

Benjamin Erickson vs. Allen Media Broadcasting, LLC

**Electronic Filing Notice**

Case No. 2026CV001047
Class Code: Intentional Tort

**FILED**
**04-03-2026**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2026CV001047**
**Honorable Jacob Frost**
**Branch 9**

ALLEN MEDIA BROADCASTING, LLC
APT. 418
9903 SANTA MONICA BLVD.
BEVERLY HILLS CA 90212

Case number 2026CV001047 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 785bdb**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: April 6, 2026

GF-180(CCAP), 11/2020 Electronic Filing Notice

§801.18(5)(d), Wisconsin Statutes

**This form shall not be modified. It may be supplemented with additional material.**

Case 2026CV001047   Document 3   Filed 04-03-2026   Page 1 of 9

**FILED**
**04-03-2026**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2026CV001047**
**Honorable Jacob Frost**
**Branch 9**

**STATE OF WISCONSIN**  **CIRCUIT COURT**  **DANE COUNTY**

BENJAMIN ERICKSON
W51N224 Fillmore Circle
Cedarburg, WI 53012

               Plaintiff,

                                  **Case No.**
     -vs-                          **Code No. 30106**


ALLEN MEDIA BROADCASTING, LLC
9903 Santa Monica Blvd.
Apt. 418
Beverly Hills, CA 90212

               Defendant.

---

## SUMMONS

---

THE STATE OF WISCONSIN, to each person or entity named above as a Defendant:

   **YOU ARE HEREBY NOTIFIED** that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached hereto, states the nature and basis of the legal action.

   Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802, Wis. Stats., to the Complaint.

   The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is:

        Clerk of Court
        Dane County Courthouse
        215 South Hamilton Street
        Madison, WI 53703

and the Plaintiff's attorneys, whose address is:

> La Fleur Law Firm, S.C.
> 313 North Plankinton Ave., Suite 429
> Milwaukee, WI 53203

You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any property you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin, this 3rd day of April 2026.

**LA FLEUR LAW FIRM, S.C.**

*Electronically signed by Emily A. Constantine*
Emily A. Constantine
State Bar No. 1087257
313 N. Plankinton Ave., Suite 429
Milwaukee, WI 53203
Direct: (414) 345-7713
Fax: (414) 918-4635
econstantine@lafleurlawfirm.com

ATTORNEYS FOR THE PLAINTIFF

2

Case 2026CV001047    Document 3    Filed 04-03-2026    Page 3 of 9

**FILED**
**04-03-2026**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2026CV001047**
**Honorable Jacob Frost**
**Branch 9**

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **DANE COUNTY**

---

BENJAMIN ERICKSON
W51N224 Fillmore Circle
Cedarburg, WI 53012

                                Plaintiff,

                                                **Case No.**
        -vs-                                    **Code No. 30106**

ALLEN MEDIA BROADCASTING, LLC
9903 Santa Monica Blvd.
Apt. 418
Beverly Hills, CA 90212

---

## COMPLAINT

---

NOW COMES the Plaintiff, Benjamin Erickson ("Ben") by his undersigned attorneys, La Fleur Law Firm, S.C., and as for his Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1.      On December 13, 2025, there was a mass shooting at Brown University in Providence, Rhode Island, resulting in the tragic death of two students and injuries to many others.

2.      As of December 13, 2025, Ben was enrolled as an undergraduate student at Brown University.  Ben had no involvement in the December 13, 2025 mass shooting, has no criminal record, and was never identified as a "suspect" in the mass shooting or in connection with any other crime.

3.      Nevertheless, on December 14, 2025, television stations owned by the Defendant, WQOW News 18 (Eau Claire), WXOW 19 News (La Crosse), WKOW 27 News (Madison), and WAOW News 9 (Wausau) (collectively, the "Wisconsin stations") published an internet post about Ben on their respective websites and social media accounts, in which they stated that Ben was not

just the "suspect" in the mass shooting, but that he was the *only* suspect, and that there existed substantial evidence of his involvement and guilt.

4.     Ben brings this defamation action to clear his name and obtain compensatory damages for the reputational harm and other damages he suffered, and continues to suffer, as a result of the Wisconsin stations' publication of the December 14, 2025 internet post.

## PARTIES

5.     Ben is an adult individual domiciled in Ozaukee County, Wisconsin.

6.     Allen Media Broadcasting, LLC ("Defendant"), is a California limited liability company.  Upon information and belief, Defendant owns and controls the Wisconsin stations.

## JURISDICTION AND VENUE

7.     Venue in this Court is proper because the Defendant does substantial business in Dane County, including through WKOW 27 News (Madison), and because Dane County is the county where the claims herein arose.

8.     This Court has personal jurisdiction over the Defendant because the Defendant is engaged in substantial and not isolated activities within this state, including in connection with the Wisconsin stations.

## FACTUAL ALLEGATIONS

9.     On December 14, 2025, the Wisconsin stations published a post on each of their websites and social media pages, authored by Lauryn Abozeid, a Multimedia Journalist and Digital Content Producer for WKOW 27 (Madison) and titled "Wisconsin man detained in deadly Brown University shooting" (the "December 14 internet post").

10.     The December 14 internet post provided as follows:

2

# Wisconsin man detained in deadly Brown University shooting

Lauryn Abozeid

Dec 14, 2025



Courtesy: Providence Police Dept.

MADISON, Wis. (WKOW) — A person of interest in the deadly mass shooting at Brown University is from Wisconsin and has been detained, sources say.

The suspect, 24-year-old Benjamin Erickson, was taken into custody early Sunday at 3:45 a.m. at a hotel in Coventry, Rhode Island, about 28 miles south of Providence. Providence Police Department spokesperson Kristy DosReis confirmed the detention with help from Coventry police.

Sources indicate the man was allegedly carrying two firearms at the time of his arrest.

Providence Police Chief Col. Oscar L. Perez Jr. said investigators are actively gathering evidence and executing search warrants. He did not comment on a possible motive. Officials in Rhode Island have stated that no additional suspects are being sought.

The shooting resulted in two deaths and injured nine others.

According to ABC News, six victims are in critical but stable condition, one is in critical condition, one is stable, and one person has been released from the hospital.

WISN crews saw FBI agents at a residence in Cedarburg, Wisconsin, on Sunday afternoon. The FBI has not confirmed if this activity is connected to the Brown University shooting or the detained individual.

**Lauryn Abozeid**

11. A "suspect" is "[a] person believed to have committed a crime or offense; someone thought to be guilty of malfeasance." (*See, e.g.,* Suspect, Black's Law Dictionary (12th ed. 2024).)

12. Contrary to the December 14 internet post, Ben was never named a "suspect" in connection with the Brown University mass shooting.

13. Nevertheless, the December 14 internet post not only falsely stated that Ben was a "suspect" in the Brown University mass shooting; given its juxtaposition of the following statements with its reference to Ben as the "suspect", the December 14 internet post further implied that there existed substantial evidence of Ben's involvement in the mass shooting:

   a. That Ben was a "person of interest in the deadly mass shooting at Brown University";

   b. That "investigators are actively gathering evidence and executing search warrants" and "would not comment on a possible motive";

   c. That Ben was "allegedly carrying two firearms at the time of his arrest";

   d. That "no additional suspects are being sought"; and

   e. That there were "FBI agents at a residence in Cedarburg, Wisconsin, on Sunday afternoon."

14. The December 14 internet post also included a photograph attributed to the Providence Police Department, which the December 14 internet post falsely implied was a photograph of Ben.

15. Contrary to the December 14 internet post, Ben was not a "suspect" in the Brown University mass shooting; Ben had no involvement whatsoever in the Brown University mass shooting; Ben was not "carrying two firearms" at the time of any purported arrest; Ben has no criminal record, and there is and never was any evidence whatsoever that Ben was in any way involved in the Brown University mass shooting. The photograph included in the December 14

4

internet post is not a photograph of Ben, and there is no photographic or other evidence that even remotely suggests that Ben was in any way involved in the Brown University mass shooting.

16. The December 14 internet post remained online and accessible from the Wisconsin stations' internet and social media pages for more than 100 days.

17. On March 30, 2026, long after the perpetrator of the Brown University mass shooting had been identified, and only in response to Ben's March 26, 2026 demand, the Wisconsin stations updated the December 14 internet post to remove the reference to Ben by name, among other changes. However, despite Ben's demand, the Wisconsin stations have not published a formal retraction or correction of the false and defamatory statements in the December 14 internet post.

## CLAIM FOR RELIEF: LIBEL/DEFAMATION

18. Plaintiff re-alleges and incorporates paragraphs 1 through 17 as if fully set forth herein.

19. Defendant published the December 14 internet post on December 14, 2025, to a worldwide audience on the Wisconsin stations' websites and social media pages.

20. The December 14 internet post contained the following false and defamatory statements concerning Ben:

    a. That Ben was the "suspect" in the Brown University mass shooting;

    b. That Ben was a "person of interest in the deadly mass shooting at Brown University";

    c. That "investigators are actively gathering evidence and executing search warrants" and "would not comment on a possible motive";

    d. That Ben was "allegedly carrying two firearms at the time of his arrest";

    e. That "no additional suspects are being sought";

5

f. That there were "FBI agents at a residence in Cedarburg, Wisconsin, on Sunday afternoon."; and

g. The December 14 internet post also contained a photograph attributed to the Providence Police Department, falsely implying that there was photographic evidence of Ben's involvement.

21. These statements are of and concerning Ben, the Defendant intended to refer to Ben in these statements, and those who read the December 14 internet post understood the statements to be about Ben.

22. These statements, which state directly or by implication that Ben was involved in the Brown University mass shooting, that he was a "suspect" in the Brown University mass shooting, and that there existed substantial evidence of his involvement and guilt in connection with the Brown University mass shooting, are false.

23. These statements falsely attribute criminal conduct to Ben, which constitutes libel *per se.* Moreover, the certainty of injury to Ben's reputation from the Defendant's false statements— effectively naming him as the lone suspect in a heinous, violent crime—is obvious. Such statements would tend to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.

24. By publishing these false statements, Defendant caused harm to Ben's reputation.

25. At the time of publication, Defendant knew that these statements were false, or acted with reckless disregard for whether these statements were true or false.

26. Moreover, even after the perpetrator of the Brown University mass shooting was identified, the Defendant failed and refused to issue a retraction, correction, or make any edits whatsoever to the December 14 internet post for more than 100 days.

6

27. The December 14 internet post has severely damaged and continues to damage Ben, including, *inter alia,* injury to his reputation, embarrassment, humiliation, and emotional distress, in an amount to be determined at trial.

28. The Defendant's actions were malicious, willful, and wanton, and evince an intentional disregard for Ben's rights.  Accordingly, punitive damages are appropriate.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an award in Plaintiff's favor and against Defendant, as follows:

(1)  Awarding Plaintiff compensatory damages in an amount to be proven at trial;

(2)  Awarding Plaintiff punitive damages to the maximum extent permitted by applicable law;

(3)  Awarding Plaintiff all of his expenses and costs, including attorneys' fees; and

(4)  Granting such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury of twelve.

Dated at Milwaukee, Wisconsin, this 3rd day of April 2026.

**LA FLEUR LAW FIRM, S.C.**

*Electronically signed by Emily A. Constantine*
Emily A. Constantine
State Bar No. 1087257
313 N. Plankinton Ave., Suite 429
Milwaukee, WI 53203
Direct: (414) 345-7713
Fax: (414) 918-4635
econstantine@lafleurlawfirm.com

ATTORNEYS FOR THE PLAINTIFF

7

**FILED**
**05-05-2026**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2026CV001047**

STATE OF WISCONSIN :   CIRCUIT COURT  :      DANE COUNTY
BRANCH 9

---

BENJAMIN ERICKSON,

             Plaintiff,

   v.

ALLEN MEDIA BROADCASTING, LLC

             Defendant.

Case No. 26CV1047

Code No(s). 30106 (Intentional Tort)

---

## NOTICE OF APPEARANCE

---

PLEASE TAKE NOTICE that attorney Maxted Lenz of the law firm of Godfrey & Kahn, S.C. appears as counsel on behalf of Allen Media Broadcasting, LLC in the above-captioned action.  A copy of all future papers and filings in this action should be served upon counsel via the Court's eFiling system.

Dated this 5th day of May, 2026.

GODFREY & KAHN, S.C.

*Electronically signed by Maxted Lenz*
Maxted Lenz
State Bar No. 1104692
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone:  608-257-3911
Fax:  608-257-0609
mlenz@gklaw.com

*Attorneys for Allen Media Broadcasting, LLC*

38374546.1

**FILED**
**05-05-2026**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2026CV001047**

STATE OF WISCONSIN :   CIRCUIT COURT   :   DANE COUNTY
BRANCH 9

---

BENJAMIN ERICKSON,

        Plaintiff,

    v.

ALLEN MEDIA BROADCASTING, LLC

        Defendant.

Case No. 26CV1047

Code No(s). 30106 (Intentional Tort)

---

## REQUEST FOR SUBSTITUTION OF JUDGE
## PURSUANT TO WIS. STAT. § 801.58

---

Allen Media Broadcasting, LLC, by its attorneys Godfrey & Kahn, S.C., and pursuant to Wis. Stat. § 801.58, requests substitution of the judge assigned to this case.

Dated this 5th day of May, 2026.

GODFREY & KAHN, S.C.

*Electronically signed by Maxted Lenz*
Maxted Lenz
State Bar No. 1104692
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone:  608-257-3911
Fax:  608-257-0609
mlenz@gklaw.com

*Attorneys for Allen Media Broadcasting, LLC*

38354463.1

Case 2026CV001047   Document 5   Filed 05-06-2026   Page 1 of 2

**FILED**
**05-06-2026**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2026CV001047**

DATE SIGNED: May 6, 2026

<u>Electronically signed by Jacob B. Frost</u>
Circuit Court Judge

---

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|

| | |
|---|---|
| Benjamin Erickson vs. Allen Media Broadcasting, LLC | **Application and Order for Specific Judicial Assignment** |
| Case No. 2026CV001047 | |

---

## Case Information

| Current Court Official | Code | Branch No. | District No. |
|---|---|---|---|
| Jacob Frost | 2971 | 9 | 5 |

| Date Case Filed | Case Type | Class Code and Description |
|---|---|---|
| 04-03-2026 | Civil | 30106 - Intentional Tort |

## Case Status Information

| Last Activity in Case | Date |
|---|---|
| | |

| Next Scheduled (or to be scheduled) Activity in Case | Date |
|---|---|
| No scheduled or proposed activity | |

☐ Jury Trial  ☐ Bench Trial  ☐ Post-Judgment Case

Additional information that will be helpful to the Chief Judge and the Judge to be assigned (e.g., time limits waived or **not** waived, defendant in custody, speedy trial demand, prior judicial substitutions or disqualifications, other attorneys, etc.):

## Attorney/Party Information

Emily A. Constantine
Attorney for Plaintiff
313 N Plankinton Ave, Suite 429
Milwaukee WI 53203
4143457713

Maxted M. Lenz
Attorney for Defendant
1 E. Main St., Suite 500, P.O. Box 2719
Madison WI 53701-2719
608-257-3911

Other Attorney(s) (and role: e.g., GAL, Adversary Counsel, etc.):

## Reason for Assignment Application

| Reason | Substitution Request Date |
|---|---|
| Substitution Request By Defendant | 05-05-2026 |

---

GF-168S(CCAP), 04/2009 Application and Order for Specific Judicial Assignment
**This form shall not be modified. It may be supplemented with additional material.**
Page 1 of 2

SCR 70, §§757.19, 801.58, Wisconsin Statutes

Case 2026CV001007   Document 5   Filed 05-06-2026   Page 2 of 2

| **Current Court Official Approval** | **Application Order and Order of Assignment** |
|---|---|
| Application Prepared by: Renee Ryckman | ☐ **It is Ordered** the judge named below is assigned this case. ☐ This assignment is denied. |
| ☒ Approved ☐ Denied Explain: timely request | By:<br><br><br>_____<br>Chief Judge/Deputy Chief Judge/DCA/Director/Chief Justice<br><br>_____<br>Date |
| | Name of Judge Assigned: |

DISTRIBUTION:          Address                                                          Service Type
Court

GF-168S(CCAP), 04/2009 Application and Order for Specific Judicial Assignment          SCR 70, §§757.19, 801.58, Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**
Page 2 of 2